UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       - against -　　　　　　　　　　　　　　Docket No. 15 Cr. 393 (MKB)

FAREED MUMUNI,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REQUEST FOR A CONTINUANCE OF SENTENCING**
(*FINAL REQUEST*)

　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Fareed Mumuni*

　　　　　　　　　　　　　　　　　　　　　　　*Anthony L. Ricco*
　　　　　　　　　　　　　　　　　　　　　　　ANTHONY L. RICCO, ESQ.
　　　　　　　　　　　　　　　　　　　　　　　20 Vesey Street, Suite 400
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　　　　　(212) 791-3919
　　　　　　　　　　　　　　　　　　　　　　　*Tonyricco@aol.com*

Steven Z. Legon, Esq.
Of Counsel

# ANTHONY L. RICCO
ATTORNEY AT LAW

20 VESEY STREET • SUITE 400
NEW YORK, NEW YORK 10007

TEL (212) 791-3919
FAX (212) 791-3940

tonyricco@aol.com

Steven Z. Legon
*Of Counsel*

January 24, 2018

**By E.C.F.**

Hon. Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  **United States v. Fareed Mumuni**, Docket. No. 15 Cr. 393 (MKB)

Dear Judge Brodie:

      The purpose of this letter is to request a <u>final</u> sentencing continuance of 60 days, in the above-referenced matter, in order to provide defense counsel with adequate additional time to prepare and file Fareed Mumuni's sentencing submission.

      This application is necessary in light of arguments advanced by the government in its sentencing letter dated January 12, 2018. Specifically, in its sentencing letter, the government relies upon the testimonial declaration of Mr. Harley Elmore, an individual whom the government proffers as an expert in close combat. The Elmore declaration, filed along with the government's sentencing letter, contains conclusions of fact, which serve as the basis of the government's sentencing arguments with respect to the attempted murder charge and a recommendation of a sentence of 85 years.

      In counsel's experience, this type of declaration is extraordinary and unprecedented. Additionally, defense counsel did not have any prior notice of the government's intention to file an expert declaration in this matter. As a result, the defense requires a reasonable opportunity to retain its own defense expert, under the Criminal Justice Act, for the purpose of reviewing and evaluating the government expert's conclusions of fact and/or submitting a declaration in rebuttal.

      Although the government's sentencing letter was filed on January 12, 2018, defense counsel was engaged on trial in the Eastern District before the Hon, Edward R. Korman, from January 8th thru January 19th, 2018, and did not have an opportunity to address this matter until after the conclusion of the trial. Notwithstanding a good faith effort, we are unable to have this declaration reviewed, evaluated and to present a contrary declaration

within the present schedule for sentencing. However, the requested time period provides counsel with such an opportunity.

Finally, defense counsel has informed Deborah Colson, Esq., counsel for co-defendant Munther Omar Saleh, of the application for a final continuance. For reasons related to her representation of co-defendant Saleh, attorney Colson has informed counsel that she objects to a continuance, and wishes to proceed to sentence as presently scheduled.

Defense counsel also informed the government prosecutors of our intention to file an application for a final continuance. Since it is the government's preference for both defendants to be sentenced on the same occasion (to accommodate the presentment of victim impact statements by federal law enforcement officers), the government objects to the continuance, in the absence of the consent of both defendants.

It is requested that the court grant Fareed Mumuni's application for a continuance, notwithstanding the lack of consent of counsel of Munther Omar Saleh and the government. Counsel's obligation under the Criminal Justice Act is to represent Fareed Mumuni, and – in connection with sentencing - to address the evidence which the government sets forth supporting the imposition of an 85 year sentence. The issues related to Fareed Mumuni are individual to the facts of the case, as they relate to his involvement, and counsel requests this final continuance to properly litigate those issues on his individual behalf before the court.

In addition to the foregoing, Fareed Mumuni has filed his objections to the Presentence Investigation Report. It appears that there are several issues of material fact that shall require an evidentiary hearing for resolution. Should the court agree that an evidentiary hearing shall be required to resolve material issues of fact in dispute, Fareed Mumuni has no objection to the scheduling of such a hearing in the interim. In this way, we can continue to make progress towards the ultimate resolution of Fareed Mumuni's case.

Thank you for your Honor's attention to this matter. If there are any questions, or if additional information is required, please contact me at your Honor's convenience.

Respectfully,

*Anthony L. Ricco*
Anthony L. Ricco

cc: A.U.S.A. Alexander A. Solomon (By E.C.F.)
    A.U.S.A. Douglas M. Pravda (By E.C.F.)
    A.U.S.A. Ian C. Richardson (By E.C.F.)
    U.S.P.O. Angelica Deniz (By E-Mail)