

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS/DMP
F. #2015R00096

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 29, 2018

<u>By ECF</u>

The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Fareed Mumuni
     <u>Criminal Docket No. 15-393 (MKB)</u>

Dear Judge Brodie:

  The government respectfully submits this letter in opposition to the defendant Fareed Mumuni's January 27, 2018 request for an adjournment of sentencing, currently scheduled for February 6, 2018.  While Mumuni requests a <u>Fatico</u> hearing to resolve certain disputed factual issues, the government is prepared to conduct any such <u>Fatico</u> hearing on February 6—the date currently scheduled for the sentencing hearing.  As the government explained in its response to Mumuni's objections to the Pre-Sentence Investigation Report ("PSR") (Docket Entry No. 140), the government expects that any factual issues could be resolved solely through introduction of Mumuni's post-arrest statement and testimony by one or more of the victim FBI agents.

  To the extent that the Court is inclined to grant the request by Mumuni's counsel to adjourn sentencing, the government respectfully requests that codefendant Munther Saleh's sentencing be adjourned as well, to the same date as Mumuni's rescheduled sentencing.  As noted in the government's sentencing memorandum, the government expects that one or more victims will address the Court at sentencing.  Having the sentencing hearings for both Saleh and Mumuni on the same date will permit the victim FBI agents to appear to testify or make victim statements to the Court about the defendants' attacks on a single occasion, rather than needing to appear and describe a traumatic incident on two separate occasions.

  Additionally, sentencing both Saleh and Mumuni on the same date would permit the government to resolve any material factual disagreements with both defendants, to the extent that Saleh also raises disputed issues of facts in his filings about his commission of

a terrorist attack using a pressure-cooker bomb[1], in a single evidentiary hearing—thus sparing considerable judicial resources. Moreover, even if the Court were to hold a <u>Fatico</u> hearing only with respect to Mumuni's objections to the PSR, the government respectfully submits that evidence adduced at such a <u>Fatico</u> hearing would be relevant and probative to the Court's determination of an appropriate sentence for Saleh.

                                      Respectfully submitted,

                                      RICHARD P. DONOGHUE
                                      United States Attorney

By:   /s/ Alexander A. Solomon
       Alexander A. Solomon
       Douglas M. Pravda
       Ian C. Richardson
       Assistant U.S. Attorneys
       (718) 254-7000

cc:     Clerk of the Court (MKB) (by ECF)
          Anthony Ricco, Esq., counsel for defendant Mumuni (by ECF)
          Deborah Colson, Esq., counsel for defendant Saleh (by ECF)

---

[1] For instance, Saleh's sentencing submission argues that he had no intention of assembling or detonating a bomb. (<u>See</u>, e.g., Docket Entry No. 137, at 16).